IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHONG CHAO CHEN # 30036-037  \*
   Petitioner,

                            \*

v.                                         Civil No. WDQ-13-1698
                            \*   Criminal No. WDQ-94-0156

UNITED STATES OF AMERICA
   Respondent.                   \*

MEMORANDUM

Pending is Chong Chao Chen's "Motion for Relief from Judgment or Order" requesting vacatur of his conviction pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure. ECF No. 241.[1] The Court finds the pleading properly construed under 28 U.S.C. § 2255, and will dismiss it without prejudice for lack of subject matter jurisdiction.

I. Background

Chen was convicted of multiple counts for his role in smuggling into the United States Chinese nationals who were then held hostage for ransom. On January 11, 1995, he was sentenced to 322 months imprisonment. His conviction and sentence were affirmed on appeal. Chen's 28 U.S.C. § 2255 Motion to Vacate was denied on October 8, 1998; a Certificate of Appealability was also denied. Docket Entry Nos. 214-216, 221. The U.S. Court of Appeals for the Fourth Circuit denied a Certificate of Appealability, and dismissed the appeal, on December 22, 1999. Docket Entry No. 235. On August 1, 2001, the Fourth Circuit denied Chen's Motion for Authorization to file a successive Motion to Vacate. Docket Entry No. 236. On June 7, 2013, Chen filed the instant Motion for Relief from Judgment or Order. ECF No. 241.

II. Analysis

The first issue presented is whether Chen's claims are properly raised in a Rule 60(b)(6) Motion or 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct. The subject matter of a motion, not the caption assigned to it by a petitioner, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a

---

[1] All Electronic Case File and Docket Entry citations correspond to entries in the criminal case.

second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Although Chen implies that he is filing a 60(b)(6) Motion to challenge the integrity of his initial § 2255 proceeding, the substance of the Motion belies his characterization. The Motion challenges the propriety of Chen's firearm conviction under 18 U.S.C. § 924(c)(1) based on the U.S. Supreme Court's holding in *Bailey v. United States*, 516 U.S. 137 (1995). ECF No. 241 at 4. Chen also contends that this Court erroneously increased his sentence by making the firearm sentence consecutive, based on a recent decision by the U.S. Court of Appeals for the Sixth Circuit. *See United States v. Washington*, 714 F.3d 962 (6th Cir. 2013). *Id.* Thus, Chen is challenging the underlying criminal case and judgment, not the subsequent proceeding for collateral relief. Consequently, the pleading is properly construed under 28 U.S.C. § 2255.

This is Chen's second § 2255 petition. Before filing a second or successive motion in federal district court, a petitioner must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(a), 2255; *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Chen may not file a successive § 2255 petition under the guise of a Rule 60(b) motion to circumvent the preauthorization requirement. Absent evidence that Chen has obtained necessary prefiling certification, the Motion must be dismissed. *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

Even if the pleading were construed under Rule 60(b)(6), Chen would not be entitled to relief. Rule 60(b)(6) provides that a court may "relieve a party or a party's legal representative from a final judgment [or] order ... for ... any ... reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6) may not be granted absent "extraordinary circumstances." *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted) (*citing Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th

Cir. 2000)). Chen fails to present facts suggesting exceptional circumstances. The appropriate avenue for the relief Chen is seeking is to obtain prefiling authorization in the U.S. Court of Appeals to file a second or successive § 2255 motion.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The defendant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack*, 529 U.S. at 484). The instant case provides no basis for issuance of a certificate of appealability.

III. CONCLUSION

The Motion shall be dismissed without prejudice for lack of jurisdiction and a Certificate of Appealability shall be denied. A separate Order follows.

_6/28/13_
Date

William D. Quarles, Jr.
United States District Judge

3